IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOHN PAUL JONES,**

    **Plaintiff,**

**v.**                                                                                                       **No. 22-cv-0413 SMV**

**JANICE MADRID,**

    **Defendant.**

## ORDER TO CURE DEFICIENCY AND ORDER FOR AMENDED COMPLAINT

Plaintiff, who is proceeding pro se, sent a six-page letter addressed to Chief United States District Judge William P. Johnson, along with 20 pages of other documents, which was docketed as a Complaint on May 31, 2022. [Doc. 1]. The Complaint alleges that Defendant Janice Madrid "continues to deny me my First Amendment (as well as other constitutional rights)." *Id.* at 1.

Plaintiff has not paid the $402 fee[1] for instituting a civil action or filed an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" ("Application"). No later than **July 7, 2022**, Plaintiff must either pay the $402 fee or file an Application. Any paper that Plaintiff files, in response to this Order or for any other purpose related to this case, must include the civil cause number (**No. 22-cv-0413 SMV**).

The Complaint fails to state a claim upon which relief can be granted against Defendant Madrid. The allegations regarding Defendant Madrid state she has filed a false police report against Plaintiff, Defendant Madrid was upset about letters that Plaintiff had been writing,

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350 filing fee, *see* 28 U.S.C. §1914, and a $52 administrative fee.

Defendant Madrid was not in uniform when Plaintiff met with her, and Defendant Madrid had no probable cause "for taking more than three hours (and hundreds of subsequent hours) out of my life by declaring that I had written 'threatening' letters." [Doc. 1] at 2. Plaintiff fails to state with particularity what Defendant Madrid did to Plaintiff, when the Defendant Madrid committed those actions, how those actions harmed Plaintiff, and what specific right Plaintiff believes Defendant Madrid violated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

It is not clear whether Plaintiff is asserting claims against United States Marshal Service employees Jim Glisson and Mr. Henderson. Plaintiff suggests they showed up at Plaintiff's front door, unannounced, with their guns and bullet proof vests, seeking entry under false pretext to perform reconnaissance. *See* [Doc. 1] at 4. A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

It appears the Court should dismiss this case because the Complaint does not show that Court has jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate

showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).  The Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Fed. R. Civ. P. 8(a)(1).

It is not clear what relief Plaintiff seeks.  *See* Fed. R. Civ. P. 8(a)(c) (a complaint must contain "a demand for the relief sought").  Plaintiff states:

> I hope you, and all the other judges will demonstrate "zero tolerance" for rogue elements of law enforcement who threatening any American at his home with no "probable cause" of wrongdoing but rather as retaliation for reporting acts of egregious misconduct by a Federal official, in this matter, Assistant United States Attorney Michael H. Hoses. . . . I hope the leadership of the Federal Court system in New Mexico will quickly establish a mechanism for addressing these issues.  I would like to be a part of that mechanism.

[Doc. 1] at 5–6.  The Complaint does not state Plaintiff's claims in numbered paragraphs as required by Fed. R. Civ. P. 10(b).

The Court notifies Plaintiff that:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

3

**IT IS ORDERED** that:

1) No later than **July 7, 2022**, Plaintiff must either pay the $402 fee or file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." Failure to timely pay the fee or file an Application may result in dismissal of this case without further notice.

2) The Clerk shall send to Plaintiff, together with a copy of this Order, an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

3) No later than **July 7, 2022**, Plaintiff must file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**